CARSTARPHEN WAREHOUSE COMPANY *v.* FRIED *et al.*

A sale of a stock of merchandise in bulk, not in compliance with the provisions of the act approved August 17, 1903 (Acts of 1903, p. 92), is void as to creditors, on the ground of fraud; and a creditor of the vendor may proceed by attachment against his fraudulent debtor. It appearing from the allegations of the petition that the plaintiff's statutory remedy by attachment against the fraudulent debtor was both available and complete, the prayer for the extraordinary remedies of injunction and receiver was properly denied.

Submitted November 28,—Decided December 22, 1905.

Petition for injunction. Before Judge Felton. Bibb superior court. August 15, 1905.

A petition for injunction and the appointment of a receiver was filed by T. J. Carstarphen, who conducted business under the name and style of the T. J. Carstarphen Warehouse Company, in which J. R. Fried, of Bibb county, and the firm of J. F. Williams & Son, of Wilkinson county, were named as defendants. The proceeding was brought in the superior court of Bibb county, and the facts alleged by the plaintiff as entitling him to the equitable relief sought were substantially as follows: The defendant firm is indebted to the plaintiff in the principal sum of $119.22 upon a promissory note dated February 17, 1905, and due March 1 after date. He is engaged in the wholesale grocery business in the city of Macon, and this note was given to him by J. F. Williams & Son in liquidation

of an account for merchandise sold to that firm, which at the time was engaged in conducting a general merchandise store at McIntyre, Ga. Some time in the month of February or March, 1905, Fried purchased of J. F. Williams & Son the whole of the stock of goods, wares, and merchandise belonging to that firm, and is now in possession thereof, except so much of the same as he has disposed of since the date of his purchase. He did not, at least five days before the completion of the purchase or the payment for this stock of goods, notify, personally or by registered mail, the plaintiff and other creditors of the proposed sale, the price to be paid, and the. terms and conditions thereof, nor furnish them with a statement of the assets and liabilities of the firm, as required by section 2 of the act approved August 17, 1903 (Acts of 1903, p. 92). The sale to Fried is absolutely fraudulent and void as to plaintiff and the other creditors of J. F. Williams & Son, and the stock of goods in the hands of Fried and the money derived from his sale of a portion of the goods constitute a trust fund which is subject to the payment of plaintiff's demand and the debts due to other creditors of the firm. It is insolvent, as also are its members, J. F. and W. L. Williams. Fried received a discharge in bankruptcy in August, 1904, and plaintiff "believes that the said J. R. Fried is now insolvent." He is rapidly selling out and disposing of the stock of goods. The plaintiff alleged that unless Fried was restrained from disposing of the goods, and a receiver was appointed by the court to take charge of the same, plaintiff would be "remediless at and by the strict rules of the common law," and accordingly was entitled to the equitable relief for which he prayed. Fried and J. F. Williams, one of the members of the defendant firm, took issue with the plaintiff as to this allegation, by interposing separate demurrers, in which they assigned various reasons why the extraordinary relief prayed for should not be granted, and insisted that the plaintiff did have a complete and adequate remedy at law, especially as he did not in his petition affirmatively allege that Fried was insolvent. They also filed answers in which they set out the circumstances under which the sale of the stock of goods was made, and in which they denied the right of the plaintiff, under such circumstances, to attack the sale as invalid.

At the interlocutory hearing, the case was submitted to the presiding judge upon the pleadings, including the demurrers to the

petition, together with certain documentary evidence presented for consideration by the respective parties in support of their contentions regarding the merits of the plaintiff's complaint. After hearing the argument of counsel, the judge passed an order denying the prayers of the petition and revoking an order previously granted which provided for the appointment of a temporary receiver. The plaintiff excepted.

*J. C. Morcock,* for plaintiff.
*Nottingham & Cabaniss,* for defendants.

EVANS, J. (After stating the facts.) Under the Civil Code, §4937, a creditor may, in one suit, proceed for judgment on his debt and to set aside a fraudulent sale made by his debtor. *DeLacy* v. *Hurst,* 83 *Ga.* 223. But in such an action the plaintiff would not be entitled to the extraordinary remedies of injunction and receiver, if it appeared that an attachment against the fraudulent debtor (Civil Code, §§4543-4547) would afford complete and adequate relief. *Booth* v. *Mohr,* 122 *Ga.* 333. The act of the General Assembly approved August 17, 1903, declares that a sale of a stock of goods, wares, and merchandise in bulk, not in compliance with the provisions of the act, shall, as to any and all creditors of the vendor, be conclusively presumed to be fraudulent. Acts of 1903, p. 92. The petition in this case alleges that the sale of the stock of merchandise was in bulk, and that there was a failure by the vendor to comply in essential particulars with the terms of this act of the General Assembly. The sale was therefore inoperative and void, as to creditors, upon the ground of fraud, and the plaintiff's remedy by attachment against a fraudulent debtor would have afforded him an adequate legal remedy. On the rule to show cause why a permanent receiver should not be appointed and the writ of injunction should not issue as prayed, the defendants urged by demurrer that this legal remedy was both available and adequate, and assigned other reasons for denying the extraordinary relief sought. The court refused to grant the prayers of the petition for such relief, and vacated the order previously passed which provided for the appointment of a temporary receiver. We think the plaintiff had a complete statutory remedy by attachment, and that the court properly declined to appoint a permanent receiver and grant the prayer for injunction. Having reached this con-

clusion, it is not necessary to discuss the other matters urged by the defendants upon the interlocutory hearing in opposition to the prayers of the plaintiff for injunction and receiver.

*Judgment affirmed. All the Justices concur.*