5297. YANCEY *v.* CITIZENS BANK & TRUST COMPANY OF TAMPA.

ROAN, J. 1. Section 4316 of the Civil Code has no application to payments made by an administrator of the estate of a decedent. The administrator must pay the debts of the estate in accordance with the priority established by law. One accepting a payment from an administrator does so with knowledge that the administrator has no right to direct the application of the payment in a manner contrary to law. It follows that a surety upon a note can not defeat recovery by showing that the principal is dead, and that the administrator of his estate made certain payments to the holder of the note, with the understanding that the payments should be applied in satisfaction of the note, and that the holder of the note failed to so apply the payments, but did appropriate them to other indebtedness due by the estate.

2. The surety could have pleaded the payment made by the administrator if it affirmatively appeared that the payment was made in accordance with law, but a plea of this nature would be demurrable unless it

showed facts which would support the inference that the effect of the understanding was not to divert the payment from the channel prescribed by law. In the present case the plea alleges merely the payment of the money and direction in reference to its application. It does not appear whether the estate was solvent or insolvent, or whether, if the direction had been followed, the payment would have been upon a debt properly entitled by law to be paid according to its priority.

3. Where a demurrer to pleading is filed at the appearance term, it may be considered and disposed of at any term thereafter before the case is finally determined.       *Judgment affirmed.*

DECIDED JANUARY 27, 1914.

Complaint; from city court of Floyd county—Judge Reece. October 22, 1913.

*Maddox & Doyal,* for plaintiff in error.
*Lipscomb & Willingham, Nathan Harris,* contra.