ANDERSON, administrator, *v.* FULTON COUNTY HOME BUILDERS.

1. Demurrers, pleas, and answers should be disposed of in the order named. A demurrer should be determined before the case is submitted on the issues made by the pleadings, although the demurrant and his counsel be absent without leave. The failure to dispose of the demurrer in the present case is not such an irregularity as will require a new trial.
2. It is not sufficient ground for a new trial that counsel for the losing party neglected to either appear or notify his client, where the case was called and tried in its regular order.
3. The evidence authorized the verdict.

JUNE 14, 1917.

Equitable petition. Before Judge Ellis. Fulton superior court. January 7, 1916.

Fulton County Home Builders, a corporation, brought suit against Mrs. Anna E. Ragsdale, alleging that the defendant was indebted to petitioner on three series of notes described in the petition. These notes contained a clause accelerating maturity upon default in the payment of any one note for a longer time than thirty days after maturity. The default had occurred, and petitioner elected to treat all the notes as due, and gave the statutory notice required to collect attorney's fees. All the notes were secured by three security deeds to separate parcels of land, one of which deeds was signed by N. C. Ragsdale, who, it was alleged, "should be made a party to this suit." One of the parcels of land was alleged to be subject to an older security deed to one King. The various properties were alleged to be insufficient to pay the debt; and the prayer was for judgment against the defendant, for a receivership and a sale of the property by the receiver, and for the application of the proceeds to the payment of petitioner's debt. An order was taken making N. C. Ragsdale a party, and directing that a copy of the petition and order be served upon him. The defendants filed their respective demurrers and answers praying equitable relief. N. C. Ragsdale also filed a traverse to the sheriff's return of service upon him. The prayers for receiver and for sale of the property were stricken on motion of the plaintiff. The case was put upon the trial calendar, where it was sounded more than once, and no response was made by the defendants or their attorneys. The case was called for trial in its regular order, and no appearance was made by the defendants or their counsel, nor was

any request made to hear the traverse and the demurrers. The plaintiff introduced evidence, at the conclusion of which the court directed a verdict for the plaintiff against Mrs. Anna E. Ragsdale, for a stated amount of principal, interest, and attorney's fees, declaring also that the plaintiff have a special lien upon the property described in the petition as having been conveyed as security for the debt. The defendants made a motion for a new trial, on the ground that it was erroneous for the court to allow the plaintiff to proceed to trial without first disposing of the demurrers and the traverse; and also because of the insufficiency of the evidence. A new trial was granted as to N. C. Ragsdale, and refused as to Mrs. Ragsdale. She excepted.

*James & Bedgood,* for plaintiff in error. *H. H. Turner,* contra.

EVANS, P. J. (After stating the foregoing facts.)

1. The statute requires that demurrers, pleas, and answers shall be disposed of in the order named. Civil Code (1910), § 5630; *Smith* v. *Hornsby,* 70 *Ga.* 552. The demurrers were properly filed, and should have been disposed of before the case was taken up on the issues made by the pleas. The failure of the defendant to appear would not authorize the dismissal of a demurrer any more than it would authorize a dismissal of his plea. The failure of a defendant to make out his plea is no cause for its dismissal. *Andrews* v. *Andrews,* 85 *Ga.* 276 (11 S. E. 771). The timely filing of a plea setting forth a meritorious defense puts the plaintiff on proof of his case. The filing of a demurrer without protestation is pleading to the merits, and challenges the plaintiff's cause of action as alleged. The demurrant is not called on to submit proof; and as the demurrer simply invokes the action of the court as to the sufficiency of the pleadings, it should be disposed of before issues of fact are submitted to the jury.

But the failure to pass on the demurrers and traverse of the entry by the sheriff of service on N. C. Ragsdale was not such an irregularity as will require a new trial for Mrs. Ragsdale. After the prayers for a receiver and the administration of the property conveyed to secure the debt were stricken, the action was solely on notes given by Mrs. Ragsdale. The allegations with respect to the default in their payment, to their maturity, and the liability for attorney's fees, and the prayer for judgment against Mrs. Ragsdale, sufficiently stated a cause of action on the notes against her.

Although an order was taken that N. C. Ragsdale be made a party to the action, no judgment was prayed against him. Subsequently to such order the prayers for receivership and the administration of the land through the medium of a receivership were stricken; and when such relief was abandoned, no judgment could be taken against Ragsdale or his property. By electing to proceed in the existing state of the record, the plaintiff abandoned all relief against N. C. Ragsdale, and he was eliminated from the case as effectually as if a formal order to that effect had been taken. The verdict was for the plaintiff against Mrs. Ragsdale, for principal, interest, and attorney's fees, and also that the plaintiff have a special lien against the several parcels of land alleged to have been given to secure the debt. One of these parcels was that contained in a deed from N. C. Ragsdale to the plaintiff, alleged to have been given as security for debt. As to this item the court set aside the verdict. So much of the verdict as declares a special lien against the property conveyed by Mrs. Ragsdale to secure her debt does not render the verdict erroneous as against her because of the lack of a prayer to that effect. The statute does not require the verdict and judgment to set forth a special lien upon the land in cases of this kind, and extraneous evidence is receivable to show the relation of the debt in judgment with the deed given to secure it. *Tripod Paint Co.* v. *Hamilton,* 111 *Ga.* 823 (35 S. E. 696).

2. It is not sufficient ground for a new trial that counsel for the losing party neglected to either appear or notify the client, where the case was called and disposed of in its regular order.

3. The evidence authorized the verdict against Mrs. Ragsdale, and there was no error in refusing a new trial as to her.

*Judgment affirmed. All the Justices concur.*