PORTER *et al.* v. PARKER *et al.*    (TWO CASES.)

GILBERT, J. 1. "Demurrers, pleas, and answers should be disposed of in the order named. A demurrer should be determined before the case is submitted on the issues made by the pleadings, although the demurrant and his counsel be absent without leave." But the failure to dispose of the demurrer in the present case is not such an irregularity as will require a new trial. *Anderson* v. *Fulton County Home Builders*, 147 *Ga.* 104 (92 S. E. 934).

2. It is not shown that the court erred in proceeding with the trial of the cases in the absence of complainant's counsel.

3. The evidence, which was without conflict in both cases, demanded the verdicts as directed by the court.

*Judgment affirmed. All the Justices concur.*

Nos. 4591, 4592. January 15, 1925.

Equitable petition. Before Judge Park. Morgan superior court. September 1, 1924.

In the case bearing number 4591 Parker filed an equitable petition alleging, that he holds a past-due and unpaid promissory note executed by Louise H. Turnbull, for $2000, secured by deed conveying 200 acres of described land to him; that subsequently to the record of this deed the sheriff of Greene County levied upon the land a fi. fa. for State, county and school taxes, amounting to $34.02; that at the sale held under said levy Porter and Fambrough bought the land for $100; that petitioner did not know of said tax deed until after the expiration of twelve months from the date of the record thereof; that he had tendered to Porter and Fambrough the sum of $100, plus 10 per cent., and interest thereon at 7 per cent., but they refused to accept any sum whatever; that he stands ready to pay this amount to them at any time; that the tax deed is void, because the levy was grossly excessive, the land being susceptible of division into smaller tracts; that the tax deed constitutes a cloud upon the title to the land and upon the first and paramount lien to which petitioner is entitled under the security deed mentioned; that Mrs. Turnbull is still in possession of the land; that Porter and Fambrough may undertake to sell the same to an innocent purchaser; and that plaintiff is without an adequate remedy at law, and must have resort to equity in order to fully protect his rights and avoid a multiplicity of suits. The prayers are, that the paramount lien of petitioner upon the land, and his title, as against Fambrough and Porter, be set up and established; for injunction restraining the sheriff from placing Fambrough and Porter in possession, and restraining them from taking possession or selling or conveying the land; that the tax deed be delivered into court and canceled; and for a decree that Fambrough and Porter are without right or title in the land. Demurrers and answers were filed by the defendants.

In the case bearing number 4592 Fambrough and Porter filed a petition against Parker, reciting the issuance of the tax fi. fa., the levy, sale, and purchase of the land by them; that Parker is seeking

to sell the land under power of sale contained in the security deed already mentioned; that the deed made by Parker pursuant to such a sale will constitute a cloud upon their title and result in irreparable damages to them; and that whatever lien or title Parker may have had was divested upon his failure to redeem the land within the time provided by law. The prayer is that Parker be restrained by injunction from proceeding with the sale under said power. The answer filed by Parker in this case prayed for substantially the same relief as that sought in the suit brought by him.

The cases came on for trial in the absence of Fambrough and Porter and their counsel, due to a misunderstanding upon their part as to the time when the court would convene. No ruling was made upon the demurrers filed by Fambrough and Porter in the case first stated. The only evidence introduced was that of Parker. In each case the court directed a verdict in his favor, and judgments were entered accordingly. In the first case it is complained that the court erred in not expressly deciding the questions raised by the demurrers, and in directing the verdict. In the second case it is complained that the court erred in permitting the case to be tried and the verdict to be rendered if for any reason plaintiffs were not present to prosecute it, and that it should merely have been dismissed for want of prosecution; that it was error to permit the case to proceed to trial for the purpose of determining the defendant's right to affirmative relief, because the allegations and prayers of his answer were not germane to the case made by the petition; also, in directing the verdict, and in submitting the case to the jury without giving any direction on the law. The cases were argued together in this court.

*James W. Arnold,* for plaintiffs in error.

*Noel P. Park,* contra.