## SEABOARD AIR-LINE RAILWAY COMPANY *v.* JOLLY.

1. Under the facts and circumstances set forth in the first question of the Court of Appeals, it was incumbent upon the court below to observe the rule prescribed in the statute which requires that demurrers, pleas, and answers shall be disposed of in the order named; and the expression, "demurrers," used above, includes special demurrers as well as general demurrers; and the refusal of the court to dispose of the special demurrers was error.

2. The second question certified in this case is, "In the event the preceding question is answered in the affirmative, has the Court of Appeals any right or authority to pass upon the merits of the special demurrers, and, in the event this court should decide they were without merit, to hold that the error of the trial judge in failing to pass upon them was harmless?" While, as we have ruled above, the trial court should have passed upon the demurrers before proceeding with the trial of the case upon the facts, nevertheless it was competent for the Court of Appeals to examine the special demurrers, and if, after examination, they were found to be without merit, to so rule, and to hold that the error of the trial judge in failing to pass upon them was harmless.

3. This court is of the opinion that the ruling in the fifth division of the

opinion in the case of *Southern Railway Co.* v. *Combs,* 124 *Ga.* 1004 (53 S. E. 508), is sound.

No. 4666. April 18, 1925.

Questions certified by Court of Appeals (Case No. 15271).

*B. H. Burgess* and *John B. Gamble,* for plaintiff in error.

*Hewlett & Dennis,* contra.

Beck, P. J. 1. One of the questions certified by the Court of Appeals in this case is as follows: "Where a case was pending in the city court of Decatur, and returnable to the May term thereof, at which term general and special demurrers to the petition were filed; and where the attorney for the defendant resided in a county different from the one in which the case was pending and had written to the clerk of the court to know if the calendar had been made for the trial of cases for the July term, and was informed by the clerk that his case had been assigned for trial on Thursday, July 19, but no notice was ever given to him of the time when the court met for the hearing of demurrers; and where the attorney for the defendant, when the case was called for a hearing on July 16, requested the court to hear and pass upon the demurrers, stating that this was his first appearance in said court and that he was not familiar with the procedure of the court; and where the following then took place: 'His honor, Walter R. Daley, judge presiding in said cause, informed counsel for defendant that he had not adopted and promulgated any written rule governing and controlling the procedure as to the hearing of demurrers, motions, etc., prior to the trial term of court, but that he had stated from the bench in open court that he would not hear special demurrers and special motions after the case had been called for trial by a jury, and that the court also stated from the bench that he had had published in the Fulton County Daily Report, a paper in which court proceedings of Fulton County and DeKalb County courts are published, a notice that he would be at Decatur, and that he appeared and called all motions and demurrers, including the demurrer in this case. Mr. John T. Dennis, one of counsel for plaintiff in said case, was present at said call, and when this demurrer was reached same was passed by the court without any objection having been interposed by plaintiff's counsel; and that this fact was brought to the attention of the court by Mr. Dennis on the morning of the trial of said case, to wit, July 19, 1923.

The court stated that he did not wish to do any one an injustice, and would hear the demurrer if plaintiff's counsel did not object; whereupon plaintiff's counsel objected to the court's hearing and passing upon said demurrer, on the ground that it would delay the trial of the case before the jury. The court permitted defendant's counsel to read said demurrer; and after same had been read to the court, the court announced to defendant's counsel that he would hear counsel on a general demurrer; whereupon defendant's counsel moved orally to dismiss said petition upon substantially the same grounds as set forth in said demurrer. The court, upon the conclusion of the reading of said demurrer and the making of said oral motion, passed the order and judgment on said demurrer hereinbefore set out,' the order referred to being as follows: 'The general demurrer of defendant having been presented to the court, after argument the same is overruled. The special demurrer of defendant, not having been presented to the court's consideration prior to the time that the same was called for trial before a jury, is not passed upon by the court. This July 19, 1923,'—did the court err in refusing to pass upon the special demurrer?"

In the Civil Code, § 5630, it is provided that "In all cases demurrer, pleas, and answer shall be disposed of in the order named; and all demurrers and pleas shall be filed and determined at the first term, unless continued by the court, or by consent of parties." This rule, prescribed in the statute, makes it incumbent upon the trial court to dispose of all pleadings belonging to any one of the three classes mentioned, in the order stated; and generally a failure to do this will constitute error. In the case of *Anderson* v. *Fulton County Home Builders,* 147 *Ga.* 105 (92 S. E. 934), it was said: "The statute requires that demurrers, pleas, and answers shall be disposed of in the order named. Civil Code (1910), § 5630; *Smith* v. *Hornsby,* 70 *Ga.* 552. The demurrers were properly filed, and should have been disposed of before the case was taken up on the issues made by the pleas. The failure of the defendant to appear would not authorize the dismissal of a demurrer any more than it would authorize a dismissal of his plea. The failure of a defendant to make out his plea is no cause for its dismissal. *Andrews* v. *Andrews,* 85 *Ga.* 276 (11 S. E. 771). The timely filing of a plea setting forth a meritorious defense puts the

plaintiff on proof of his case. The filing of a demurrer without protestation is pleading to the merits, and challenges the plaintiff's cause of action as alleged. The demurrant is not called on to submit proof; and as the demurrer simply invokes the action of the court as to the sufficiency of the pleadings, it should be disposed of before issues of fact are submitted to the jury." In the case of *Yancey* v. *Citizens Bank & Trust Co.,* 14 *Ga. App.* 310 (3) (80 S. E. 700), it was said: "Where a demurrer to pleading is filed at the appearance term, it may be considered and disposed of at any term thereafter before the case is finally determined." In the case of *Richey* v. *Johnson,* 21 *Ga. App.* 41 (93 S. E. 514), it was said: "Where both a plea and a demurrer thereto is filed at the first term, and the record is silent as to any action being taken thereon at that term, it will be construed that the whole case, including the demurrer and plea, was 'continued by the court;' and the demurrer thus continued loses none of its vitality by the fact that it was not 'determined at the first term.'" And in *Vaughn* v. *Farmers & Merchants Bank,* 20 *Ga. App.* 725 (93 S. E. 228), the court held: "A demurrer should be determined before the case is submitted, even though the demurrant and his counsel be absent without leave." Under the statute and the Georgia authorities which we have quoted above, the first question is answered in the affirmative.

2. The second question certified in this case is, "In the event the preceding question is answered in the affirmative, has the Court of Appeals any right or authority to pass upon the merits of the special demurrers, and, in the event this court should decide they were without merit, to hold that the error of the trial judge in failing to pass upon them was harmless?" While, as we have ruled above, the trial court should have passed upon the demurrers before proceeding with the trial of the case upon the facts, nevertheless it was competent for the Court of Appeals to examine the special demurrers, and if, after examination, they were found to be without merit, to so rule, and to hold that the error of the trial judge in failing to pass upon them was harmless. In many cases it has been held by this court that errors of the trial court in admitting or rejecting evidence, if the evidence admitted was harmless to the losing party or the evidence that was rejected would not have helped him if admitted, is not

cause for the grant of a new trial. Likewise, it has been frequently held in the opinions of this court that erroneous instructions to the jury will not cause the grant of a new trial where it appears that the instructions were not harmful. In making decisions of this character, holding that errors were harmless, courts must necessarily look to other parts of the record to see whether they are harmless or not, and their power to do this does not seem to have been questioned. So, in the case to which the certified questions refer, when it is urged that the court below erred in not passing upon the demurrers before entering upon the trial of the case upon the facts, the court could say whether this was harmful or not, and was not bound to send the case back for another trial, if, upon examination of the demurrers, the error in failing to pass upon them was not harmful to the losing party. *Porter* v. *Parker,* 159 *Ga.* 556 (126 S. E. 381).

3. After examination of that part of the opinion of this court in the case of *Southern Railway Co.* v. *Combs,* 124 *Ga.* 1004 (supra), contained in the fifth division of the opinion, the court is at present of the opinion that the ruling in that case is sound. A subsidiary question propounded by the Court of Appeals is as follows: "Is this ruling [the ruling in the *Combs* case] in conflict with prior decisions of the Supreme Court, some of which are cited by plaintiff in error, to wit," some dozen or more. No particular ruling in the numerous cases referred to is set forth or stated in substance, so that this court can determine which particular ruling the Court of Appeals had in view when the question was certified. Many of these cases referred to are lengthy, containing numerous rulings; and that part of the opinion in the *Combs* case contains more than one ruling. Thus to rule absolutely upon every possible question included in this subsidiary question would compel this court to compare the rulings in the *Combs* case with the various rulings in the dozen or more cases referred to and say whether or not any ruling in the *Combs* case conflicts with any ruling in the cases referred to. There is one ruling, however, that is common to the majority of the cases cited in the question with which we are now dealing, and that ruling is: "In a suit for damages for personal injuries occasioned by the negligence of the defendant, the plaintiff can not recover except upon the acts of negligence set out in his declaration. It is there-

fore error to give the jury instructions to the effect that, if the defendant was not guilty of the acts of negligence alleged, still the plaintiff might recover if the defendant were in other respects negligent." And we think that the ruling in the *Combs* case is not in conflict with that decision.          *All the Justices concur.*

RUSSELL, C. J. I concur in the result reached in the answer to the third question propounded by the Court of Appeals, but not for the same reason as that stated by my learned associates. The amount of labor that might be entailed in answering the question is of no consequence, provided the question had been sufficiently specific to point out the particular points of difference between the cases cited in the question and the rulings made in the *Combs* case, to enable this court to determine which special point of many that might be suggested the Court of Appeals wished this court to deal with. In the absence of this particular reference to the precise subject-matter, I do not think this court is required to answer the third question.