### 21355.  CURRIN *v.* NEWBERN, survivor.

BROYLES, C. J.  1. "Any motion to set aside a verdict, based on matters not appearing on the face of the record, is in effect a motion for a new trial and is subject to all the rules of law governing such motions." *Ga. Ry. & Electric Co.* v. *Hamer,* 1 *Ga. App.* 673 (2) (58 S. E. 54); *Donalson* v. *Bank of Jakin,* 33 *Ga. App.* 428 (127 S. E. 229).

2. "A brief of the evidence is an indispensable statutory requisite to a valid motion for a new trial. This is true even though the verdict be directed by the court, and even though the motion be based on grounds which do not require a consideration of the evidence." *Ga. Ry. & Electric Co.* v. *Hamer,* supra.

3. In the instant case the motion to set aside the verdict and the judgment based thereon was not based on defects appearing on the face of the record or the pleadings, and on the hearing of the motion no brief of the evidence had been approved by the court or filed; and the respondent filed a timely demurrer to the petition or motion on that ground. The ruling on the demurrer was: "The court will consider the demurrer along with the evidence in the case, not otherwise ruled on." Subsequently the court overruled the motion to set aside the verdict and judgment. *Held:* Under the facts of the case and the above-stated rulings this court can not hold that the overruling of the motion was error. This ruling is easily distinguishable from the rulings in the numerous cases cited in the brief of counsel for the plaintiff in error, which hold in effect that this court can not dismiss a writ of error because no proper brief of evidence was sent up with the record, and that the court should pass upon all questions not dependent upon the evidence in the case.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED MAY 13, 1931.

*H. L. Jackson,* for plaintiff in error.
*E. R. Smith, Quincey & Quincey, Kelley & Dickerson,* contra.