38415.  PERRY v. MARYLAND CASUALTY COMPANY *et al.*

DECIDED SEPTEMBER 29, 1960.

476

*Howard Oliver, Jr.,* for plaintiff in error.

*Smith, Field, Ringel, Martin & Carr, H. A. Stephens, Jr.,* contra.

NICHOLS, Judge. ■ The plaintiff contends, in support of certain of her grounds of demurrer, that the motion to set aside is defective because no brief of the evidence on the trial of the case was filed and since a brief of the evidence is an indispensable part of a motion to set aside a judgment based on a verdict, the motion was fatally defective. " 'Any motion to set aside a verdict, based on matters not appearing on the face of the record, is in effect a motion for a new trial and is subject to all the rules of law governing such motions.' *Ga. Ry. & Electric Co. v. Hamer,* 1 Ga. App. 673 (2) (58 S. E. 54); *Donalson v. Bank of Jakin,* 33 Ga. App. 428 (127 S. E. 229). 'A brief of the evidence is an indispensable statutory requisite to a valid motion for a new trial. This is true even though the verdict be directed by the court, and even though the motion be based on grounds which do not require a consideration of the evidence.' *Ga. Ry. & Electric Co. v. Hamer,* supra." *Currin v. Newbern,* 43 Ga. App. 332 (1, 2) (158 S. E. 771).

As shown above, the courts have, prior to 1947, consistently held that motions to set aside a judgment based on matters not

appearing on the face of the record are governed by the same rules of practice as motions for new trials. This being so the act of 1947 (Ga. L. 1947, p. 298; *Code Ann.* § 70-301.1) applies not only to motions for new trial but also to motions to set aside judgments based on matters not appearing upon the face of the record. Prior to the act of 1947, supra, a brief of the evidence was required in all motions for new trial in order for such motion to be valid. However, since that time where the question to be considered does not require a brief of the evidence no such brief has been necessary. In *Stevens v. Wright Contracting Co.*, 92 Ga. App. 373 (88 S. E. 2d 511), it was held that where the error assigned dealt with the refusal to qualify the panel of jurors with reference to their interest in an insurance company no brief of the evidence was required. The present case, dealing with the interpretation of a rule of court, which held that its rule had not been properly applied originally, and that under a proper construction of such rule such judgment should be set aside because the case was tried in the absence of the defendants and the defendants' counsel at a term of court when the case was not on the trial calendar but on the calendar of cases assigned for disposition. Such question did not require a brief of the evidence, and the demurrer attacking the motion because no brief of the evidence was attached was without merit. The other grounds of demurrer have been carefully examined and are without merit.

■ "Generally speaking, the construction placed upon its own rules by a court of original jurisdiction is conclusive; and only in cases where it is clear that the construction given is wrong, and that injustice has been done, will the discretion of the judge of such a court construing its rules be interfered with by a reviewing court. 8 Am. & Eng. Enc. L. (2d Ed.) 31, and cases cited." *Roberts v. Kuhrt*, 119 Ga. 704(1) (46 S. E. 856). See also *Frost v. Pennington*, 6 Ga. App. 298(2) (65 S. E. 41).

The trial court in the present case ordered the judgment striking the defendants' answer set aside and vacated because: "Said case was not placed on the calendar as being 'Assigned for Trial' at the January term 1959 of this court, but said case was placed on the calendar of 'Cases Assigned for Disposition.' " Thus

it appears that the trial court based its judgment upon a construction of its rule, *that a case placed on the calendar for disposition is not on the calendar for trial at such term.* The judgment of the trial court construing its rule does not appear to be wrong, nor does it appear under the construction placed on its rule that any injustice has been done to either party. The trial court did not err in setting aside the judgment.

The contention was also made in the motion to vacate and set aside the verdict and judgment that the case should not have been permitted to go to trial without the defendants' demurrers to the petition having been ruled on. In opposing this ground the plaintiff relies on *Conway v. Gower,* 208 *Ga.* 348, 351 (66 S. E. 2d 740), where it was held that the demurrant could proceed to trial without having his demurrers passed on and that under such circumstances the *pleader* could not complain since the *demurrant* could waive *his* demurrers and even if not actually waived in open court or withdrawn, inasmuch as this could be done, the failure to pass on such demurrers was an amendable defect.

*Code Ann.* § 81-1002 requires "In all cases demurrer, pleas and answer shall be disposed of in the order named." In the cases of *Anderson v. Fulton County Home Builders,* 147 Ga. 104 (92 S. E. 934) ; *Seaboard Air-Line Ry. Co. v. Jolly,* 160 Ga. 315, 318 (127 S. E. 765) ; *Vaughan v. Farmers' & Merchants' Bank,* 20 Ga. App. 725 (93 S. E. 228) ; and *Firemen's Insurance Co. v. Oliver,* 46 Ga. App. 507(1) (167 S. E. 909), it was held to be error for the trial court to proceed with the trial of a case without disposing of the demurrers when the demurrant is not present. In the above cases it was also held that such error was harmless where the demurrers were without merit. Therefore, it is readily seen that the decision of the Supreme Court in the case of *Conway v. Gower,* 208 Ga. 348, supra, was based on an entirely different situation from the above cases. There the demurrant was present and the pleader was not, and the demurrant could have amended by striking his demurrers before proceeding with the trial, and since the failure to rule on the demurrers was an amendable defect (amendable by the parties in court) it was not cause to set aside the verdict.

In the case of *Goodman v. Beecham*, 101 Ga. App. 251 (114 S. E. 2d 381), it was stated that the facts of such case were substantially the same as those in the case of *Conway v. Gower*, 208 Ga. 348, supra. However, a reconsideration of the facts in the *Goodman* case discloses that such facts are substantially different from those in the *Conway* case, for it was the demurrant who was not present in the *Goodman* case when the case was tried without the trial court determining the merits of his demurrers. Therefore, the case of *Goodman v. Beecham*, 101 Ga. App. 251, supra, must be overruled since it is in conflict with the older decisions of this court as well as the full-bench decisions of the Supreme Court which hold that such procedure is error. However, an examination of the original record on file in this court reveals that the judgment of reversal in the *Goodman* case, supra, was correct inasmuch as the demurrers which were not ruled on were without merit.

In the present case, where the petition alleged that certain acts of the General Assembly were unconstitutional and the demurrers attacked these allegations on the grounds that such allegations "state incorrect conclusions of law on the part of the pleader, and . . . are not unconstitutional for any reason assigned," this court cannot say that the error in failing to pass upon such demurrers was harmless, inasmuch as this court has no jurisdiction to determine the constitutionality of acts of the General Assembly. See Art. VI, Sec. II, Par. IV of the Constitution of 1945 (*Code* § 2-3704). The failure to rule on the demurrers was error and since it cannot be said that such error was harmless the judgment vacating and setting aside the verdict and judgment must be affirmed on such ground.

Moreover, the absence of a defendant is not a proper ground to dismiss a valid plea or answer. *Barber v. Smith*, 69 Ga. App. 624 (26 S. E. 2d 478); and *Kimsey v. Davis*, 89 Ga. App. 481 (79 S. E. 2d 580).

*Judgment affirmed. Felton, C. J., Townsend, Carlisle, Bell and Frankum, JJ., concur. Gardner, P. J., not participating.*