40449. ALBERTSON v. WILLIAMS et al.

EBERHARDT, Judge.  ■  There is a motion to dismiss the writ of error because certain facts alleged in Albertson's various post trial motions were not approved by the trial judge as true in the bill of exceptions and on the ground that plaintiff in error "then and there accepted and now accepts" to the court's rulings. Under the view we take of the case below, it is irrelevant whether or not the facts alleged were true. Use of the word "accepts" in this context is not ground for dismissal of the writ. *McIntyre v. Zac-Lac Corp.,* 107 Ga. App. 807 (1) (131 SE2d 640). The motion is denied.

■ (a) We view *Perry v. Maryland Cas. Co.,* 102 Ga. App. 475 (2a) (116 SE2d 620) as controlling here on the question of procedure. There it was held that a case should not go to trial, even in the absence of the defendant, without a ruling on demurrers unless the demurrers were not meritorious. See also *Morgan v. Western Auto Co.,* 102 Ga. App. 648, 652 (4) (117 SE2d 253) and citations. There is an intimation that the court did rule orally on the demurrers but no order appears of record. Unless an order appears on the demurrers, whether entered originally or nunc pro tunc, it must be assumed that none has been entered. *Rutherford v. Crawford,* 53 Ga. 138 (3); *Armstrong v. Lewis,* 61 Ga. 680. Therefore, the controlling question here is whether or not any of the defendant's demurrers were meritorious.

(b) Distilled to its essence, the petition alleges a violation of the Bulk Sales Act[1] (*Code* § 28-203 et seq.) in which this defendant was the vendee. The recovery is then sought on

---

[1]The Bulk Sales Act (*Code* §§ 28-203 to 28-206) is repealed by the Uniform Commercial Code and *Code Ann. Ch.* 109A-6 substituted therefor. Ga. L. 1962, p. 427, effective January 1, 1964.

an open account. Failure to comply with the provisions of the Bulk Sales Act is penalized by a failure of the sale to pass title to the vendee. Therefore, the creditor has any remedy he might have had against the vendor or against the goods. Under this theory, the remedies of attachment, *Carstarphen Warehouse Co. v. Fried*, 124 Ga. 544 (52 SE 598), garnishment, *Haralson v. Mendel*, 36 Ga. App. 174 (136 SE 88), and levy on the goods after judgment against the vendor, Cf. *Feagan v. Cureton*, 19 Ga. 404, are allowed. However, no contract action on open account against the purchaser could be maintained on this basis. Therefore, it would appear that at least one demurrer raising this point was meritorious and should have been passed on before trial. The trial court erred in denying defendant's motion in arrest of judgment.

*Judgment reversed. Felton, C. J., and Russell, J., concur.*

DECIDED NOVEMBER 7, 1963.

*J. Clifford Johnson,* for plaintiff in error.
*Noland & Williams, Robert J. Noland,* contra.