22926. JORDAN et al. v. MIDDLETON.

Submitted April 12, 1965—Decided May 6, 1965.

*Casey Thigpen,* for plaintiffs in error.
*Thomas A. Hutcheson,* contra.

GRICE, Justice. We review here a judgment construing a will and the failure to rule on demurrers to the defendant's answer.

Clifford Jordan, Appie Middleton, Harold Duggan and Lena Martin Jackson brought their petition in the Superior Court of Washington County against Essie Middleton, seeking construction of Item 3 of the will of Simon Middleton and other relief. Insofar as material here, their petition alleged the following.

Plaintiffs are the sole heirs at law of the testator whose will was probated in 1920. Under Item 3 of the will a one-fourth interest in lands was devised to Jewel Middleton for life, and at his death to his lawful children. Subsequently, the life tenants mentioned in that item made a division of the lands by which Jewel Middleton acquired a certain 39 acre tract. In 1954 Jewel Middleton died, leaving surviving no children or descendants of children, but leaving a widow, the defendant Essie Middleton, to whom he devised all of his property. Since 1954 the defendant has been in possession, but not peaceful, of such 39 acre tract. She contends that since her husband had no lawful children, the title to that 39 acre tract vested absolutely in him and that she, as his widow and sole heir at law and under his will, acquired absolute title to it. Plaintiffs contend that since Jewel Middleton left no lawful children surviving, the title to the 39 acre tract reverted to them, the sole heirs at law of the testator. There is an actual controversy between plaintiffs and defendant as to the interpretation of Item 3 of the will and as to whether the plaintiffs or the defendant owns the 39 acre tract. Plaintiffs pray for a construction of Item 3, a declaration of the legal rights of all parties and the legal status and effect of Item 3, an order evicting the defendant from the land in question, and general relief.

The defendant answered, admitted the probate of the will of Simon Middleton in 1920, the division of the land, the death of her husband leaving no surviving children or descendants of children, and his will devising all of his property to her. She denied that Item 3 of the will of Simon Middleton left her husband a one-fourth interest for life with remainder to his lawful children and that her possession of the 39 acre tract since his death had not been peaceful. She further answered that under

Item 4 of the will of Simon Middleton, her husband took fee simple title to his one-fourth interest and therefore that it belongs to her under her husband's will and the plaintiffs have no interest in it. Also, she alleges that since 1954 she has been in peaceable, public, continuous, exclusive and uninterrupted possession of this land under color of title by virtue of her husband's will and that her possession did not originate in fraud, but was under claim of right.

To this answer, the plaintiffs interposed general demurrers.

Upon a hearing on the demurrers and the petition to construe the will, the trial court announced no ruling on the demurrers, but entered judgment construing the will and denying all of the prayers of the plaintiffs. It found irreconcilable conflict between Items 3 and 4 of the will, and decreed that the later Item 4 must prevail over Item 3 and that the title to the property devised to the defendant's husband vested in him absolutely and in fee simple.

The plaintiffs assign error upon the trial court's failure to rule on their demurrers to the defendant's answer, and upon the judgment construing the will.

The will, omitting matter immaterial here, provided as follows:

"Item First: It is my desire that my landed [sic] remain as it is and to be rented out from year to year and the rents therefrom be paid on my indebtedness, until all my lawful debts are paid.

"Item Second: . . . after my debts are paid, I give and bequeath to my beloved wife, Emma Middleton, the south east corner of the tract of land belonging to me, known as the Bailey place . . . containing fifteen acres, more or less. To have and hold during her natural life or single, at her death or marriage, to be equally divided between my granddaughters Ruths [sic] and Appie Middleton.

"Item Third: After the debts are paid as before stated. It is my desire that the remainder, after deducting the fifteen acres, more or less, of my said land it is [to] be equally divided between my children, as follows: One fourth to Jewel Middleton. One fourth [to] Tobe Middleton. One fourth to Mary Ann Martin. One fourth to the four minor children of Mina Cason, Harris Jordan, Clifford Jordan, Rutha Middleton and Appie Middleton. To have and to hold during their natural lives and

at their deaths to go to their lawful children, the children to take possession at the death of their parent.

"Item Fourth: It is my desire that all the property of which I have in my possession, at the time of my death, be sold and my debts, if any, paid, after which is anything left, to be divided as follows: One fourth to Jewel Middleton. One fourth to Tobe Middleton. One fourth to Mary Ann Martin. One fourth to the four children of Mina Cason, Harris Jordan, Clifford Jordan, Rutha Middleton and Appie Middleton.

"Item Fifth: . . . [appoints executors]."

■ The plaintiffs' reliance on Item 3, which devised life estates with remainders over, and the defendant's reliance on Item 4, which gave absolute estates, as the source of Jewel Middleton's interest in the 39 acre tract raised the question whether the two items are in irreconcilable conflict. We cannot agree with the trial judge's conclusion that they are.

Although *Code* § 113-407 provides that "Where there are inconsistent provisions in the same will, the later provision shall prevail," the rule is that before a subsequent provision will be held to prevail over a prior provision, the two must be so inconsistent and irreconcilable that both cannot stand. *Rigdon v. Cooper*, 203 Ga. 547 (1) (47 SE2d 633). In determining whether the provisions are irreconcilable, we must remember that "Among all rules for the construction of wills, none are so vital, so absolutely essential, to the principles of right and justice as that the intention of the testator must prevail." *Egleston v. Trust Co. of Ga.*, 147 Ga. 154, 156 (93 SE 84). Therefore, in making this determination, "the whole will is to be taken together, and operation is to be given every part of it, if this can be done without violating its terms or the intention of the testator. And the intention of the testator is to be sought by looking to the whole will rather than to detached parts of it." *Rogers v. Highnote*, 126 Ga. 740 (1) (56 SE 93).

Upon studying the entire will here, we find a testamentary scheme with which both Items 3 and 4 are consistent. That scheme is the retention in the family of the testator's land, and the sale of his other property. Item 1 states that it is the testator's desire that his *land* remain as it is and be rented out and the rent applied on his indebtedness until such is paid.

Item 2 provides that after his debts are paid, a described 15 acre tract of the *land* goes to his wife for life or widowhood, with remainder to be divided between two granddaughters. Item 3 devises, after his debts are paid, *"the remainder . . . of my said land"* equally to named persons, including Jewel Middleton, for life and at their deaths to their lawful children. (Emphasis ours.) Item 4 provides that "all of the property" of which he has possession at the time of his death be sold, the proceeds applied to his debts, and any then left be divided between the same persons named in Item 3.

Thus, the first three items relate to *land,* and the word "land," not property or real property, is used in those items. The third item clearly shows the testator's intention to dispose by it of "the remainder" of his land, leaving no land to pass by any subsequent provision. The items disposing of *land* provide for life estates to his widow and children with remainders over to grandchildren, thus keeping the land in the family.

On the other hand, Item 4 disposes of "property," providing that it be sold and the proceeds distributed. Looking at the entire will, we conclude that the testator did not intend this "property" of Item 4 to include his land which he had devised in preceding items, but that by "property" he intended property other than land. The only reasonable construction to be given Item 4 is that by it the testator intended to dispose of his personal property, which was not mentioned elsewhere in the will, and not his land, to which he had previously devoted three items. Thus, although Items 3 and 4 may appear to be in conflict, they are reconcilable and both stand.

Under our construction of this will, the defendant's husband acquired his interest in the 39 acre tract by Item 3 and therefore acquired a life estate only. Upon his death, with no children or descendants of children surviving, this property reverted to the heirs of the testator and thus could not pass to the defendant by her husband's will. See *Nussbaum & Dannenberg v. Evans,* 71 Ga. 753.

Therefore, we hold erroneous the judgment decreeing irreconcilable conflict between Items 3 and 4 and that Item 4 prevailed so that the defendant's husband was vested with fee simple title to the 39 acre tract.

908

■ The failure of the court to rule on the plaintiff's demurrers to the defendant's answer does not require a new trial.

Although demurrers should be determined before proceeding with the trial on the merits, the failure to do so is not reversible error where such demurrers are not meritorious. See *Anderson v. Fulton County Home Builders,* 147 Ga. 104 (1) (92 SE 934); *Seaboard Air-Line R. Co. v. Jolly,* 160 Ga. 315 (127 SE 765). The reviewing courts may examine the demurrers in such a situation and if they are found to be without merit, so rule, and hold that the error of the trial judge in failing to pass upon them was harmless. *Seaboard Air-Line R. Co. v. Jolly,* 160 Ga. 315 (2), supra.

Here, the defendant's answer alleged the essentials of prescriptive title to the 39 acre tract and hence set forth a defense to the action, entitling her to trial of the facts on that issue. Therefore, the plaintiffs' general demurrers were not meritorious and failure to pass on them was not harmful error.

*The judgment construing the will is reversed. All the Justices concur.*