46548.   AMERICAN EXPRESS COMPANY, S. A. I. v.
BOMAR SHOE COMPANY et al.

SUBMITTED SEPTEMBER 15, 1971—DECIDED FEBRUARY 1, 1972.

Sheldon R. Wittner, A. Mims Wilkinson, Jr., for appellant.

Hansell, Post, Brandon & Dorsey, Terrence Lee Croft, Bryan, Cave, McPheeters & McRoberts, Veryl L. Ridde, Robert F. Scoular, for appellees.

QUILLIAN, Judge. It is true that under the Ga. Uniform Commercial Code—Bulk Transfers, a failure to comply with Code Ch. § 109A-6 makes the transfer "ineffective as to any creditor of the transferor." Code Ann. §§ 109A-6—104 (1) and 109A-6—105. However, the applicable provisions are silent as to the remedies available to the creditor. The commentaries on the Uniform Commercial Code point out that this section does not affect a change in the remedies available but leaves the creditor with the traditional remedies which he had prior to the enactment of such section. Duesenberg-King, Sales & Bulk Transfers, § 15.08; 37 AmJur2d 923, Fraudulent Conveyances, § 272. See ULA-UCC Official Comment §§ 6-104 (2), 6-105 (3) and 6-111 (2).

In Albertson v. Williams, 108 Ga. App. 627, 628 (133 SE2d 897), this court dealt with the Bulk Sales Act which was in effect prior to the enactment of the Ga. Uniform Commercial Code, and held: "Failure to comply with the provisions of the Bulk Sales Act is penalized by a failure of the sale to pass title to the vendee. Therefore, the creditor has any remedy he might have had against the

vendor or against the goods. Under this theory, the remedies of attachment, *Carstarphen Warehouse Co. v. Fried,* 124 Ga. 544 (52 SE 598), garnishment, *Haralson v. Mendel,* 36 Ga. App. 174 (136 SE 88), and levy on the goods after judgment against the vendor, cf. *Feagan v. Cureton,* 19 Ga. 404, are allowed. However, no contract action on open account against the purchaser could be maintained on this basis." See also *Parham & Co. v. Potts-Thompson Co.,* 127 Ga. 303 (8) (56 SE 460).

We find no cogent reason for not applying this same rule to the instant situation. It should be pointed out that there is foreign authority to the effect that a transferee or purchaser may be held personally liable. See cases in 37 CJS 1352, Fraudulent Conveyances, § 484 (b); 37 AmJur2d 928, Fraudulent Conveyances, § 275. Sec. 6-106 of the Uniform Commercial Code has been construed to impose personal liability on a transferee who misappropriates or otherwise converts property subject to the Bulk Transfer Act. See Darby v. Ewing's Home Furnishings, 278 FSupp. 917; B & H Auto Supply v. Andrews (Tex. Civ. App.), 417 SW2d 341. However, our legislature did not adopt § 6-106 of the Uniform Commercial Code, but in *Code Ann.* § 109A-6—106 inserted a provision relative to "definition of public notice." We construe this as further evidence of legislative intent not to impose personal liability on the transferee in a case of this sort but to leave the creditor with his traditional remedies of garnishment, etc.

It is here urged that unless personal liability is imposed the plaintiff could not use garnishment because a creditor cannot reach by garnishment any assets which his debtor could not recover from the garnishee. *Tim & Co. v. Franklin,* 87 Ga. 93 (13 SE 259). See *Carter v. Sherwood Plaza,* 118 Ga. App. 612 (164 SE2d 867). However, the Supreme Court of Georgia in an early garnishment case regarding bulk sales pointed out that "though the defendant can maintain no action against the garnishee, yet a creditor of the defendant may subject the effects in the garnishee's hands by garnishment." *Jaques & Tinsley Co. v. Carstar-*

*phen Whse. Co.,* 131 Ga. 1, 2 (62 SE 82). This same case further points out that even though the transferee might sell or otherwise dispose of the goods to a third party the proceeds of such goods would still be held by the transferee, in trust, and the proceeds would be subject to garnishment.

The trial judge did not err in granting the defendant's motion for summary judgment as to Count 1 of the plaintiff's complaint.

*Judgment affirmed. Jordan, P. J., and Evans, J., concur.*