## 54661. PRUDENTIAL TIMBER & FARM COMPANY et al. v. COLLINS.

QUILLIAN, Presiding Judge.

Defendant Lee was the principal owner and an officer of Prudential Timber & Farm Company and H. R. Lee Investment Corporation, who were also named as defendants. Defendants owned a tract of land in Lumpkin County consisting of approximately 1,340 acres. Plaintiff Collins contacted defendant Lee regarding the purchase of land and obtained an option to purchase this property for $680 per acre. Lee wanted to obtain a loan from the Federal Land Bank and as plaintiff Collins was a broker he entered into an option contract with him which stated the consideration was $1 and "other valuable

considerations. . ." Plaintiff contended that the consideration for this option "was the plaintiff's assistance in securing a loan on this same property." Defendant Lee testified that plaintiff told him "he was very familiar with this [procedure in getting a Federal Land Bank loan], he had been in contact with the people up in Gainesville before on other things like this; that he also had some contact in South Carolina and that he could help arrange that the loan would go through in the manner I wanted." Lee stated that Collins "was to arrange a loan for me where I would be realizing approximately four hundred thousand dollars total on a contract. . ."

A pre-trial order was entered by the judge which stated that it had been "stipulated by counsel" the "consideration for which agreement plaintiff was to help and assist in procuring a loan from the Federal Land Bank of Gainesville, Georgia on the property the subject matter of this action." It was further stipulated that "[t]he option agreement attached to the plaintiff's complaint was executed by the defendants as contained in the option agreement. H. R. Lee acted as the authorized agent for the defendants, H. R. Lee Investment Company and Prudential Timber & Farm Company."

The transcript reflects that plaintiff assisted in matters relating to the closing of the loan until November 30, 1973, at which time he received a letter from defendant advising him: "Due to failure of consideration on your part, the option granted you on my property in Lumpkin County is hereby voided as of November 23, 1973." The letter was dated November 30, 1973. On November 30, 1973, Mr. Lee also filed an affidavit with the clerk of the court in Lumpkin County that "[a]s of this date there are no valid options outstanding to purchase any part of the property described in the above mentioned deeds." The deeds referred to were on the property mentioned in the option.

Defendant Lee closed a loan in the amount of $330,000 with the Federal Land Bank in Gainesville on December 21, 1973. Plaintiff brought action for damages for breach of the option contract. The trial court found for the plaintiff and defendants bring this appeal. *Held:*

1. Enumerations of error 2, 3, 4, 5, 6, 7, 9 and 10 were

not raised in the trial court and a ruling of the judge was never obtained as to any issue contained in those enumerations. Accordingly, these alleged errors will not be considered here when raised for the first time on appeal. *Meeks v. Meeks,* 209 Ga. 588 (1) (74 SE2d 861); *Moseley v. Moseley,* 214 Ga. 137 (9) (103 SE2d 540).

2. Defendant contends the trial court erred in failing to rule upon their motion to dismiss "for failure to state a claim." This enumeration must fail for two reasons.

(a) Counsel for defendant failed to comply with CPA § 12 (d) (Code Ann. § 81A-112 (d); Ga. L. 1966, 609, 622 through 1972, pp. 689, 693) which requires that defenses plead under subsection 81A-112 (b)(1) through (7) "shall be heard and determined before trial *on application* of any party. . ." (Emphasis supplied.) The defense of "failure to state a claim" is enumerated under subsection 81A-112 (b) (6). Counsel did not make application to the court for an order under CPA § 7 (b) (1) (Code Ann. § 81A-107 (b) (1); Ga. L. 1966, pp. 609, 618; 1967, pp. 226, 230). See also Code Ann. § 81A-319 for the notice of motion required to be filed and time of service in CPA 6 (d) (Code Ann. § 81A-106 (d); Ga. L. 1966, pp. 609, 617; 1967, pp. 226, 229, 230). Because counsel never made application for a hearing or attempted to obtain a ruling during trial, he abandoned it. We do not find *Stoner v. McDougall,* 235 Ga. 171 (219 SE2d 138) to require a different result as no effort was ever made by defendant to request a hearing or a ruling during trial. Cf. *McDougall v. Stoner,* 136 Ga. App. 586 (222 SE2d 69).

(b) Secondly, defendant contends that *Albertson v. Williams,* 108 Ga. App. 627 (2a) (133 SE2d 897) controls the result we must reach on this enumeration. *Albertson* predated the Civil Practice Act and related to an issue of failure to rule on a demurrer. Assuming that a motion to dismiss for failure to state a claim would be treated in the same manner as a general demurrer (see *Western Contracting Corp. v. State Hwy. Dept.,* 123 Ga. App. 331 (1) (181 SE2d 89); and *Williamson v. Perret's Farms, Inc.,* 128 Ga. App. 687 (2) (197 SE2d 754)), *Albertson* held only that "a case should not go to trial, even in the absence of the defendant, without a ruling on demurrers unless the demurrers were not meritorious." Id. p. 627 (2a). Accord, *Anderson v. Fulton County Home Builders,* 147 Ga. 104 (1)

(92 SE 934); *Porter v. Parker,* 159 Ga. 556 (1) (126 SE 381).

However, although a demurrer should have been determined before proceeding to trial on the merits, "the failure to do so is not reversible error where such demurrers are not meritorious." *Jordan v. Middleton,* 220 Ga. 903, 908 (142 SE2d 806). Appellate courts may examine the demurrers where such omission occurs and if found to be without merit, the error of the trial judge in failing to pass upon the demurrer would be harmless. *Seaboard A. L. R. Co. v. Jolly,* 160 Ga. 315 (2) (127 SE 765); *Jordan v. Middleton,* 220 Ga. 903 (2), supra.

We have examined the bases enumerated in defendant's motion to dismiss and found them to be without merit. Accordingly, the failure of the trial court to rule upon the motion was harmless error. *Jordan v. Middleton,* 220 Ga. 903, 908, supra.

3. Defendant alleges that plaintiff failed to prove damages. The question of damages is one for the trier of fact (Code § 20-1411) and damages recoverable for a breach of contract are such as arise naturally from the breach (Code § 20-1407). The court, in its finding of fact, found that there was evidence presented that "the fair market value of this land was $910.00 per acre at the time of the option ... and the value of the option... was approximately $230. per acre..." The option price was $680 per acre — thus, the court deducted the option price ($680) from the opinion evidence of fair market value ($910) and arrived at a value per acre for the breached option — $230. The number of acres was approximately 1,340 acres. The court found as a conclusion of law that "[t]he measure of damages for such breach is the difference between the fair market value and the contract price." Citing *Coleman v. Woodland Hills Co.,* 72 Ga. App. 92, 95 (33 SE2d 20). He is supported in his conclusion of law by *Mobley v. Lott,* 127 Ga. 572 (1) (56 SE 637); *King v. Brice,* 145 Ga. 65 (3) (88 SE 960); and *Mitchell v. Owen,* 159 Ga. 690, 700 (127 SE 122). The amount of damages stated in the judgment is within the range of the evidence. See *Booker v. J. T. Bickers Realty Co.,* 127 Ga. App. 614, 615 (194 SE2d 490).

4. The trial court did not err in denying defendant's motion for a new trial on the general grounds. Defendant's counsel stipulated that defendants executed the option

contract and that defendant Lee acted as the authorized agent for the other two defendants. Plaintiff and defendant Lee both testified as to what the consideration was for the option contract. Defendant Lee's letter revoked the option contract during the option period. Plaintiff Collins and the president of the Federal Land Bank testified as to the extent of plaintiff's efforts in securing the loan for defendants. The president of the Federal Land Bank also testified as to plaintiff's prior dealings with his bank on similar loans. The trial court resolved any conflicts in favor of the plaintiff. There is sufficient evidence to support his findings. We find no error here.

5. Plaintiff/appellee has moved this court for award of damages under the provisions of Code § 6-1801. We find the appeal was not taken for purposes of delay only. The motion is denied. See *Brown v. Rooks,* 139 Ga. App. 770 (1) (229 SE2d 548).

*Judgment affirmed. Shulman and Banke, JJ., concur.*

ARGUED OCTOBER 11, 1977 — DECIDED JANUARY 30, 1978 — REHEARING DENIED FEBRUARY 20, 1978 — ■

*Worozbyt & Nodvin, Marvin P. Nodvin,* for appellants.

*Glenville Haldi,* for appellee.

