## 57251. VINCENT BRASS & ALUMINUM COMPANY v. JOHNSON.

BIRDSONG, Judge.

This is a garnishment case. Plaintiff obtained a judgment against defendant Mid-States Screw & Bolt Co. for $13,199.04, and then served a summons of garnishment on Vincent Brass & Aluminum. The garnishee answered that it was not indebted to defendant. The plaintiff then traversed the answer. Later, the garnishee amended its answer alleging that the garnishment was barred by the statute of limitations contained in the New York Bulk Sales Law. The trial court granted plaintiff's motion for summary judgment for the amount of his judgment and the garnishee has appealed.

This appeal concerns an application of principles contained in Article 6 of the Uniform Commercial Code — Bulk Transfers (Code Ch. 109A-6) as the defendant made a bulk transfer of its assets to the garnishee. *Held:*

1. The garnishee raised the defense of the bar of the statute of limitations. The trial court in its order specifically overruled the plea of the statute of limitations. The Georgia Uniform Commercial Code provides that no action under the Bulk Transfer Article may be maintained more than twelve months after the date on which the transferee (garnishee here) took possession of the goods. Code § 109A-6—111. It is not disputed that plaintiff's garnishment was commenced well within a twelve-month period. However, the contract of the sale between garnishee and defendant provided that the agreement shall be construed in accordance with the laws of the State of New York. It was stipulated that the New York statute of limitation applicable to the bulk transfer was six months. The New York statute, if it applied, would therefore bar this garnishment action as it was commenced more than six months after the transfer. We hold that the Georgia statute must be applied and therefore this defense is not available to the garnishee. While the contract does provide that New York law governs the agreement and its construction, the plaintiff was not a signatory to the contract. We have not been cited

any authority for the proposition that a third party, a total stranger, would be bound by this contract provision. The rules of logic and reason dictate that plaintiff is not bound thereby in its relationship to the garnishee. No reason other than this contract provision has been advocated by appellant garnishee as a basis for holding that the New York statute applied. The trial court correctly ruled that the Georgia period of limitations would apply.

2. The garnishee argues that summary judgment was erroneously granted because a creditor of a transferor is not entitled to a personal judgment against the transferee and because of a failure to show that the garnishee was indebted to defendant Mid-States in the amount claimed. These contentions are meritless.

a. Garnishment is a proper remedy where a sale or transfer was made in violation of the Bulk Transfer Section of the U C C. *American Exp. Co. v. Bomar Shoe Co.,* 125 Ga. App. 408 (187 SE2d 922). Plaintiff is proceeding in garnishment on the basis that the transfer of assets between plaintiff and defendant was in violation of the Bulk Transfer statute. There was no attempt to obtain a personal judgment against the garnishee. Plaintiff's garnishment suit is an in rem proceeding. *American Exp. Co. v. Bomar Shoe Co.,* supra.

b. The fact that plaintiff failed to show that garnishee was indebted to defendant in the amount of $13,199.04 will not prevent plaintiff from reaching assets in the hands of the garnishee by way of garnishment and will not require reversal of the grant of a summary judgment to plaintiff. While it is the general rule that a garnishee's liability to a creditor of defendant is conditioned on the liability of the garnishee to the defendant, the rule is subject to the exception that where there is a transfer in violation of the Bulk Sales Act, a creditor of defendant may subject effects in the garnishee's hands to the process of garnishment. *Jaques & Tinsley Co. v. Carstarphen Warehouse Co.,* 131 Ga. 1 (62 SE 82). The foregoing cited case further holds that even though the transferee might sell or otherwise dispose of the goods to a third party, the proceeds of such goods would still be held by the transferee, in trust, and the proceeds would be subject to garnishment.

3. The main issue in this appeal concerns the question of whether the garnishee had knowledge of plaintiff's claim prior to the bulk transfer. The appellant garnishee contends that the pleadings and the evidence do not demand the conclusion that it had notice, or in other words, a jury issue is presented on this question of knowledge. Article 6 of the Uniform Commercial Code on Bulk Transfers provides in part that a transfer is ineffective against any creditor of the transferor unless the transferee requires the transferor to furnish a list of existing creditors of the transferor and a "transfer is not rendered ineffective by error or omissions therein unless the transferee is shown to have knowledge." Code § 109A-6—104 (1) (a) and (3). Plaintiff's claim against the defendant arose out of his employment contract with the latter which they executed in 1974. The contract term of employment extended through December 31, 1976. Among its provisions, defendant Mid-States agreed that in the event plaintiff was terminated during the term of employment for other than specified causes, the plaintiff would be paid his compensation on a monthly basis for the remaining term of the contract. The contract did not contain an acceleration clause in case of default. On November 21, 1975, plaintiff was terminated for a reason other than cause. Plaintiff filed suit against Mid-States in the Civil Court of Richmond County (Case No. 176502B) in April, 1976, seeking recovery for his monthly compensation from the date of his termination through the month of April, 1976.

In November and December, 1976, and January, 1977, plaintiff had four pre-employment conferences with officials and employees of the garnishee Vincent. According to plaintiff, in response to an interrogatory, he advised those present that "he had an action pending in court against Mid-States for breach of my employment contract." Garnishee Vincent Brass answered plaintiff's interrogative on the subject of what transpired at these conferences as follows: ". . . There was also a discussion during this period of time regarding a law suit that plaintiff had placed against Mid-States Screw & Bolt Co. for breach of contract. The exact specifics on it were somewhat vague and confused, and our reply to him at the

time was that we were unconcerned as long as he was satisfied in his own mind that his employment with us would not complicate the matter . . ."

In March, 1977, garnishee Vincent Brass contracted to purchase the assets of the defendant Mid-States. The contract excluded as "property" sold to Vincent "any right and interest in a civil action entitled: Gilbert R. Johnson v. Mid-States Screw & Bolt Co., Inc. Civil Court of Richmond County, State of Georgia, Civil Action No. 176502B . . ."; and under the warranties and representations of seller section, Mid-States represented that there were no actions pending or threatened except plaintiff's suit in the civil court.

The defendant did furnish a list of creditors to Vincent in compliance with Code § 109A-6—104(1)(a) but plaintiff was not included. The contract was executed in late March, 1977, and Vincent paid Mid-States the agreed consideration except a balance of $20,000 which was held in escrow by Vincent. On May 16, 1977, the civil court litigation was concluded by entry of judgment for plaintiff in the amount of $8,630.15. (At this juncture, we parenthetically point out that the first judgment is not the subject of the present garnishment.) On the same day, May 16, 1977, in the Richmond County Superior Court, plaintiff filed another suit against Mid-States to recover $13,199.04, the balance due him for compensation from May, 1976, through December, 1976. Plaintiff was granted a summary judgment on this claim on February 8, 1978. The present garnishment action then ensued. The garnishee has specifically denied that it had any knowledge of the second claim of defendant. In order to sustain the grant of summary judgment, we will be required to hold as a matter of law that the evidence demands the conclusion that the garnishee had knowledge of *all* the claims of plaintiff. The showing on the motion will not authorize this holding. It is not disputed that the garnishee had notice of its first lawsuit. The question is: From what evidence can a reasonable inference be drawn that establishes prior knowledge on the part of the garnishee that he had knowledge of the second claim? We find none in the record. All plaintiff has shown is that he had several pre-employment conferences

with the garnishee wherein his first suit was discussed and then apparently in the vaguest of terms. It should be noted that even plaintiff in responding to interrogatories did not in any manner advise the garnishee that the litigation then pending in the Richmond Civil Court, concerned only a part of his claim. There is no basis in law to say that the second suit was merely a continuation of the first. There is no evidence showing that garnishee had any knowledge of the provisions of plaintiff's employment contract with defendant. At best, plaintiff has established knowledge of the first suit and nothing more. Knowledge of a fact under the UCC is defined as "A person 'knows' or has 'knowledge' of a fact when he has actual knowledge of it." Code § 109A-1—201 (25). The plaintiff has not sustained its burden of proof on summary judgment. A material issue of fact remains as to the issue of knowledge for jury resolution.

*Judgment reversed. Quillian, P. J., and Smith, J., concur.*

ARGUED FEBRUARY 8, 1979 — DECIDED MARCH 16, 1979 —
REHEARING DENIED MARCH 30, 1979 —

*William C. Calhoun, John C. Bell, Jr.,* for appellant.
*C. B. Thurmond, Jr.,* for appellee.