Hollis KITCHEN, Plaintiff-Appellant,

v.

Robert J. McCULLOUGH, Defendant,
and
General Mutual Insurance Company of St. Louis, Garnishee-Respondent.

No. 24894.

Kansas City Court of Appeals.

Missouri.

April 1, 1968.

Rehearing Denied June 3, 1968.

Roger J. Barbieri and Commodore M. Combs, Kansas City, for appellant.

Walter F. Moudy and Russell D. Jacobson, of Foust, Moudy & Jacobson, Kansas City, for respondent.

SPERRY, Commissioner.

Plaintiff, Kitchen, sued defendant McCullough for damages as a result of an automobile collision between plaintiff's vehicle and one operated by defendant. Suit was filed and service had on February 28, 1966. Trial began on October 3, and plaintiff had a verdict and judgment in the sum of $4,000.00 on October 4. On July 12, 1967, plaintiff instituted this action in garnishment against General Mutual Ins. Co., defendant's insurer, in an effort to collect his judgment. Garnishee defended the action on the grounds that insured failed to cooperate with it in defending the suit against defendant herein. From a judgment in favor of garnishee entered July 26, 1967, plaintiff appeals.

This case was tried to the court on stipulations. They are lengthy. We will refer as briefly as may be to the facts which are pertinent to this opinion. There is nothing therein to indicate that insured had a valid defense to the damage suit action, and garnishee stands in defendant's shoes. There was in force a liability policy, issued by garnishee. Suit was filed and garnishee received suit papers. Its attorneys promptly wrote insured that they had been employed to represent him, that it might be necessary for them to reach him upon short notice, and that he should notify them of any change in address. This letter was mailed to him at his last known address and was never returned. Thereafter, they wrote insured requesting him to come in and "complete discovery". This letter was returned with information noted thereon that insured had moved and left no forwarding address. Thereafter, garnishee made other attempts to locate insured for the purpose of discussing the case and securing his attendance at the trial, but did not succeed in said efforts. This was the extent of the search and effort made by garnishee to locate insured and secure his cooperation.

The attempts to locate insured, aside from mailing to him a letter addressed to his last known address, are not specified. In that respect the facts here differ materially from those set out in Taff v. Hardwick, 419 S.W.2d 482, 486 (Mo.App.), as to the kind, character, and extent of efforts made to procure insured's cooperation. There, extensive efforts were made, as detailed in the stipulation. Here, we are left to speculate on the extent and type of search made beyond one letter informing insured of the employment of attorneys

and one requesting his appearance for consultations.

The policy cooperation provision involved in the Taff case is set out at page 484. We held that such a provision was valid and enforceable, and that the unexcused failure on the part of the insured to perform the conditions upon which insured's *liability depends, absent fraud, bad faith, or collusion by insurer*, released insurer from liability under the policy as to the particular casualty in question.

While non-cooperation of insured is a valid defense yet, in a case such as this, insurer should present evidence of the fact by showing what steps it took in order to locate insured and to secure his cooperation in defending the action. This was done in the Taff case and in Lenhart v. Rich, 384 S.W.2d 812 (Mo.App.). Unless the court knows the extent, in reasonable detail, of the steps taken in this regard, it is unable to judge whether there was fraud, collusion, or bad faith. Such evidence appeared in the Taff v. Hardwick and Lenhart v. Rich cases, supra, but it is wholly lacking here. If we should hold that a suitable showing of diligence was made in this case, we would open the door to perpetrators of fraud, and invite their entry. This we refuse to do. This record fails to show that garnishee exercised reasonable diligence to locate the insured and procure his cooperation. See Pennsylvania Threshermen and Farmer's Mutual Casualty Ins. Co. v. Owens, 238 F.2d 549, 550–551 (4th cir.); State Farm Mutual Automobile Ins. Co. v. Farmers Ins. Exchange, 238 Or. 285, 387 P.2d 825, 829.

Plaintiff contends that an insurer will not be permitted to escape liability on a breach of duty of cooperation when it defends the action under circumstances inducing a belief on the part of plaintiff that insured is defending the action for all purposes, without reservations of any kind, and then, after judgment, for the first time, asserts and relies on non-cooperation.

That is exactly what garnishee did in this case.

The damage action was filed on February 28th, 1966, a few weeks after the collision occurred. Garnishee, through its attorneys, notified insured of its receipt of suit papers. The case went to trial on October 3, 1966, and a verdict was entered on October 4. The stipulation shows that, immediately before trial, counsel for garnishee, in chambers obtained a stipulation to the effect that plaintiff would make no reference during the trial to the absence from the court room of insured. The following day a verdict for plaintiff was returned and garnishee did not file a motion for a new trial. At no time did counsel for garnishee ever notify the court or plaintiff of their withdrawal from the case by reason of insured's failure to cooperate in preparing the defense. At no time did they move for a continuance, for any reason, yet they knew, before the trial began, that insured would not be present at the trial and that he had not responded for consultation on the case. They took depositions and fully participated in the trial, without reservation.

They, by their conduct waived their right to rely on the defense of insured's non-cooperation, and are now estopped to do so. In 45 C.J.S. Insurance § 673, p. 612, it is said:

"Technically and strictly speaking, a distinction exists between the terms 'waiver' and 'estoppel' in the law of insurance, and they are not interchangeable. A waiver is the voluntary or intentional abandonment or relinquishment of a known right, an election not to take advantage of a technical defense in the nature of a forfeiture, whereas the essential elements of estoppel include the ignorance of the party who invokes the estoppel, misleading representations or conduct on the part of the company, and an innocent and deleterious change of position in reliance to such representa-

tion or conduct. Waiver of a ground for forfeiture of an insurance policy is essentially unilateral in its character and results from some act or conduct of the company, no act of insured being necessary, whereas *estoppel involves the acts and conduct of both parties.*

Waiver involves intent or consent, express or implied, on the part of the company, whereas an *estoppel may arise where there is no intent to mislead.* It is generally considered that a waiver need not be based on an estoppel, and may be created by acts, conduct, or declarations insufficient to create a technical estoppel; it may arise without insurer doing anything to mislead insured to his disadvantage, prejudice, or injury. * * *". (Emphasis ours).

█ In Missouri Managerial Corp. v. Pasqualino, 323 S.W.2d 244, 249 (Mo.App.), we referred to the above C.J.S. authority. We further stated that one who asserts estoppel has the burden of establishing the facts upon which it rests. In Taff v. Hardwick, supra, 419 S.W.2d 486 we said:

" * * *. The fundamental, basic, equitable issue is whether or not plaintiff was misled or lulled into a justified belief that the insurer was not interposing or relying upon this particular defense. * * * *".

In Mistele v. Ogle, 293 S.W.2d 330, 334 (Mo.), the court said:

"* * *. It is defending an action with *knowledge* of a noncoverage under a policy of liability insurance without a non-waiver or reservation of rights agreement that precludes the insurer from subsequently setting up the fact and defense. * * *".

In Royle Mining Co. v. Fidelity & Casualty Co., 161 Mo.App. 185, 142 S.W. 438, 444, it was said:

"* * *. If the plaintiff understood that the defendant reserved its rights under its indemnity policy at the time it assumed charge of the defense of the McDaniels action, then there never existed any estoppel against the defendant; but, on the contrary, if it took charge of the defense without giving plaintiff any explanation of its act, then its silence was an estoppel. * * *".

In Royle Mining Co. v. Fidelity & Casualty Co. of New York, 126 Mo.App. 104, 103 S.W. 1098, 1100, we said:

"The principle on which defendant should be held liable is that which estops a party from taking a position inconsistent with one previously assumed by him, and to the prejudice of a third person. Defendant will not be permitted to serve one purpose by taking a position, as it did throughout the progress of the McDaniels suit that the liability of plaintiff was one it would recognize as covered by the policy, and then after using that position to the detriment of plaintiff change front by denying all liability. * * *".

In Bensieck v. Cook, 110 Mo. 173, 19 S.W. 642, l. c. 644 it was said:

"Parties litigant are not allowed to assume inconsistent positions in court; to play fast and loose; to blow hot and cold. Having elected to adopt a certain course of action, they will be confined to that course which they adopt".

█ In Goergen v. Manufacturers' Casualty Ins. Co., 117 Conn. 89, 166 A. 757, 758, it is said that it is generally recognized that estoppel to take advantage of a non-cooperation clause in an insurance policy may arise if insurer undertakes and continues to defend an action with full knowledge of the facts constituting the breach.

█ By reason of garnishee's conduct, plaintiff was put to the expense of producing witnesses and attending the taking of depositions that might not have been necessary if garnishee had disclaimed liability.

Furthermore, its conduct was calculated to lull plaintiff into a belief that it was unnecessary for him to institute a search for insured and procure his attendance at the trial, and the testimony of the insured. The elements of waiver and estoppel are stated in the stipulation.

The judgment is reversed and the cause is remanded with directions to set aside the judgment and to enter a new judgment in accordance with this opinion.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. All concur.