HENRY KOLIBCZYNSKI *v.* AETNA LIFE AND
CASUALTY COMPANY

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and SPONZO, Js.

Argued January 10—decision released February 27, 1979

*Herbert Watstein,* for the appellant (plaintiff).

*Dean M. Cordiano,* with whom, on the brief, were *Bradley B. Bates* and *Timothy J. Curry,* for the appellee (defendant).

PER CURIAM. This action to recover an unsatisfied final judgment was commenced under General Statutes § 38-175[1] on March 26, 1976, against the defendant insurer, Aetna Life and Casualty Company, hereinafter designated as Aetna, by the plaintiff, a

___

[1] "[General Statutes] Sec. 38-175. LIABILITY OF INSURER UNDER LIABILITY POLICY. Each insurance company which issues a policy to any person, firm or corporation, insuring against loss or damage on account of the bodily injury or death by accident of any person, or damage to the property of any person, for which loss or damage such person, firm or corporation is legally responsible, shall, whenever a loss occurs under such policy, become absolutely liable, and the payment of such loss shall not depend upon the satisfaction by the assured of a final judgment against him for loss, damage or death occasioned by such casualty. No such contract of insurance shall be canceled or annulled by any agreement between the insurance company and the assured after the assured has become responsible for

judgment subrogee of Peter F. Temelini. In its answer, Aetna, in effect, denied its liability. It subsequently filed a disclosure of defense claiming that the insured, Temelini, had failed to perform all the conditions and obligations under the terms of the policy involved. On September 16, 1977, Aetna filed a motion for summary judgment accompanied by an affidavit and other documentary evidence. At no time did the plaintiff file a counteraffidavit or other proof in opposition to this motion, nor did he move for a continuance. A summary judgment was granted and the plaintiff has appealed.

In his appeal the plaintiff attacks the findings of the trial court as not supported by the evidence, as well as the court's conclusions drawn from said findings. It is well settled that the "validity of such a claim is tested by the evidence printed in the appendices to the briefs. Practice Book § 718; *State* v. *Vars,* 154 Conn. 255, 258, 224 A.2d 744." *Klein* v. *Chatfield,* 166 Conn. 76, 78–79, 347 A.2d 58 (1974). On examination we find that the evidence set forth in the defendant's appendix, in its brief and in the record fully supports the challenged findings.

When the plaintiff was injured at Temelini's restaurant on July 31, 1969, Temelini was insured by

such loss or damage, and any such cancellation or annulment shall be void. Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death or damage to property, if the defendant in such action was insured against such loss or damage at the time when the right of action arose and if such judgment is not satisfied within thirty days after the date when it was rendered, such judgment creditor shall be subrogated to all the rights of the defendant and shall have a right of action against the insurer to the same extent that the defendant in such action could have enforced his claim against such insurer had such defendant paid such judgment."

the defendant. On September 26, 1969, the plaintiff's counsel sent a letter to Temelini informing him that the plaintiff intended to assert a claim for personal injuries incurred at the restaurant. The letter stated that the suit was being brought under General Statutes § 30-102, the dram shop act. Temelini forwarded this letter to Aetna which advised him that it would not defend the action because his insurance policy had an exclusion for dram shop act actions.

On July 23, 1970, the plaintiff instituted an action for personal injuries in two counts, one of which was in common-law negligence. Aetna did not receive notice of the pendency of that action until October 20, 1972. Judgment was rendered in that action on November 4, 1975, for $14,415.55. That judgment has not been paid.

The insurance policy under which Temelini was insured by the Aetna provided that "if claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."

Aetna filed its motion for summary judgment on September 16, 1977. It included an affidavit that it had not received notice of the action of *Kolibczynski* v. *Temelini,* Superior Court, Hartford County, No. 166922, brought July 23, 1970, until October 20, 1972. Attached to the motion was the insurance policy which included the above quoted provision.

"To oppose the motion for summary judgment successfully, the defendants had to recite facts in accordance with Practice Book § 300 which contradicted those stated in the plaintiff's affidavit. *Dougherty* v. *Graham,* 161 Conn. 248, 250, 287 A.2d

382; *Dorazio* v. *M. B. Foster Electric Co.,* 157 Conn. 226, 229, 253 A.2d 22." *Rusco Industries, Inc.* v. *Hartford Housing Authority,* 168 Conn. 1, 5, 357 A.2d 484 (1975). Aetna's affidavit showed a lapse of notice of over two years from the filing of the case. The policy required that the suit papers be "immediately" forwarded to the defendant. The insured's duty to comply with the insurance policy in forwarding the complaint and all suit papers was a condition precedent to the defendant's duty to defend. *Arton* v. *Liberty Mutual Ins. Co.,* 163 Conn. 127, 131–32, 302 A.2d 284 (1972). The plaintiff chose not to oppose the defendant's affidavit by a counter-affidavit or other documentary evidence as required by § 299 of the 1963 Practice Book.

Therefore, we find that the trial court was correct in ruling, based on the pleadings and documents before it, that there were no genuine issues as to any material fact, and in granting a summary judgment for the defendant.

There is no error.