## NEW HAVEN TOBACCO COMPANY *v.* EDWARD L. O'BRIEN, JR., ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1062

Argued April 21 – decided September 18, 1981

*Randall B. Chapnick,* with whom, on the brief, was *Benjamin M. Chapnick,* for the appellant (plaintiff).

*Jack M. Krulewitz,* for the appellee (defendant Michael Ringler).

BIELUCH, J. The plaintiff in the first count sought to recover a business debt incurred by the defendant Edward L. O'Brien, Jr. In the second count the plaintiff alleged that defendant Michael Ringler was legally responsible under the Bulk Transfers Act[1] for the defendant O'Brien's debt as a prospective transferee in possession of the debtor's business. The plaintiff also alleged that the negotiations for the sale of O'Brien's business to Ringler were conducted fraudulently so as to prevent creditors from collecting their debts. After the pleadings were closed, the defendant Ringler moved for summary judgment on

[1] General Statutes §§ 42a-6-101 through 42a-6-110a.

the ground that no transfer of the business took place because of O'Brien's inability "to properly convey said premises," and that "all proceeds belonging to Mr. O'Brien were turned over by me." The court granted this motion for summary judgment. The plaintiff has appealed, claiming that the court erred in ruling (1) that there was no genuine issue of fact and (2) that notwithstanding Ringler's noncompliance as transferee with Bulk Transfers Act, he was not personally liable to the plaintiff.

I

The sanction for noncompliance with the sections,[2] §§ 42a-6-104, 42a-6-105 and 42a-6-106, of the

---

[2] "[General Statutes] Sec. 42a-6-104. SCHEDULE OF PROPERTY, LIST OF CREDITORS. (1) Except as provided with respect to auction sales by section 42a-6-107, a bulk transfer subject to this article is ineffective against any creditor of the transferor unless: (a) The transferee requires the transferor to furnish a list of his existing creditors prepared as stated in this section; and (b) the parties prepare a schedule of the property transferred sufficient to identify it; and (c) the transferee preserves the list and schedule for six months next following the transfer and permits inspection of either or both and copying therefrom at all reasonable hours by any creditor of the transferor, or files the list and schedule in the office of the secretary of the state.

"(2) The list of creditors must be signed and sworn to or affirmed by the transferor or his agent. It must contain the names and business addresses of all creditors of the transferor, with the amounts when known, the name and address of the tax collector of the town in which the property was last assessed and also the names of all persons who are known to the transferor to assert claims against him even though such claims are disputed. If the transferor is the obligor of an outstanding issue of bonds, debentures or the like as to which there is an indenture trustee, the list of creditors need include only the name and address of the indenture trustee and the aggregate outstanding principal amount of the issue.

"(3) Responsibility for the completeness and accuracy of the list of creditors rests on the transferor, and the transfer is not rendered ineffective by errors or omissions therein unless the transferee is shown to have had knowledge."

"[General Statutes] Sec. 42a-6-105. NOTICE TO CREDITORS. In addition to the requirements of the preceding section, any bulk transfer subject to this article except one made by auction sale as provided in section 42a-6-107 is ineffective against any creditor of the transferor unless at least ten days before he takes possession of the goods or pays for them,

Bulk Transfers Act that the plaintiff alleges Ringler did not comply with, is that the transfer is ineffective against creditors of the transferor. General Statutes §§ 42a-6-104 (1), 42a-6-105. Creditors of the transferor ordinarily have no personal cause of action against a transferee under these sections. See, e.g., comment 2 to U.C.C. § 6-104; comment 3 to U.C.C. § 6-105; comment 2 to U.C.C. § 6-111; *Fico, Inc.* v. *Ghingher,* 287 Md. 150, 411 A.2d 438 (1980);

whichever happens first, the transferee gives notice of the transfer in the manner and to the persons provided in section 42a-6-106; provided a deposit of not more than ten per cent of the purchase price, or any escrow of all or any part of the purchase price with a party other than the transferor or his agent, shall not constitute payment within the purview of this section."

"[General Statutes] Sec. 42a-6-106. THE NOTICE. (1) The notice to creditors shall state: (a) That a bulk transfer is about to be made; and (b) the names and business addresses of the transferor and transferee, and all other business names and addresses used by the transferor within three years last past so far as known to the transferee; and (c) whether or not all the debts of the transferor are to be paid in full as they fall due as a result of the transaction, and if so, the address to which creditors should send their bills.

"(2) If the debts of the transferor are not to be paid in full as they fall due or if the transferee is in doubt on that point then the notice shall state further: (a) The location and general description of the property to be transferred and the estimated total of the transferor's debts; (b) the address where the schedule of property and list of creditors provided for in section 42a-6-104 may be inspected; (c) whether the transfer is to pay existing debts and if so the amount of such debts and to whom owing; (d) whether the transfer is for new consideration and if so the amount of such consideration and the time and place of payment.

"(3) The notice in any case shall be both (a) filed with the secretary of the state together with a filing fee of three dollars and (b) delivered personally or sent by registered mail or by certified mail receipted for on mailing to all persons shown on the list of creditors furnished by the transferor as provided in section 42a-6-104 and to all other persons who are known to the transferee to hold or assert claims against the transferor.

"(4) In any case where there are no creditors of the transferor, such transferor shall execute an affidavit to that effect and give the same to the transferee and the transferee shall notify the tax collector of the town wherein the transferor conducted his business and the secretary of the state of such bulk transfer. Such notice to the secretary of the state shall include such information as is required by subdivisions (a) and (b) of subsection (1) of section 42a-6-106 and shall be accompanied by a filing fee of three dollars."

*American Express Co., S.A.I.* v. *Bomar Shoe Co.,* 125 Ga. App. 408, 187 S.E.2d 922 (1972); *Cornelius* v. *J. & R. Motor Supply Corporation,* 468 S.W.2d 781, 783 (Ct. App. Ky. 1971) (exception in cases of transferee's misappropriation or commingling of assets). The trial court, therefore, was correct in concluding that even if the bulk transfers statute was applicable in this case, it would not have the effect of making the defendant Ringler personally liable to the plaintiff.

## II

A summary judgment is appropriate if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384; *Town Bank & Trust Co.* v. *Benson,* 176 Conn. 304, 306, 407 A.2d 971 (1978). The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to judgment as a matter of law. *Dougherty* v. *Graham,* 161 Conn. 248, 250, 287 A.2d 382 (1971). The party opposing the motion also has responsibilities of proof, however, and may not rebut the movant's showing of the nonexistence of issues of fact by the bald statement that an issue of fact does exist. *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 377, 260 A.2d 596 (1969); *Kasowitz* v. *Mutual Construction Co.,* 154 Conn. 607, 613, 228 A.2d 149 (1967); *Hartford Federal Savings* v. *Aetna Casualty & Surety Co.,* 25 Conn. Sup. 418, 426, 206 A.2d 650 (1964). Instead, the opposing party must file affidavits and other documentary evidence which set forth specific facts showing that there is a genuine issue for trial. *Farrell* v. *Farrell,* 182 Conn. 34, 39, 438 A.2d 415 (1980); *Kolibczynski* v. *Aetna Life & Casualty Co.,* 176 Conn. 676, 678, 410 A.2d 485

(1979); *McColl* v. *Pataky,* 160 Conn. 457, 460, 280 A.2d 146 (1971); Practice Book § 380. The affidavits must be made on personal knowledge, set forth such facts as would be admissible in evidence and show affirmatively that the affiant is competent to testify to the matters stated therein. Practice Book § 381; *Evans Products Co.* v. *Clinton Building Supply, Inc.,* 174 Conn. 512, 514, 391 A.2d 157 (1978); *Kasowitz* v. *Mutual Construction Co.,* supra. If the affidavits and other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof.

In the present case, the plaintiff claims that the issue of fraud was one the court ignored in granting summary judgment. Apart from its complaint, the plaintiff's only averment of fraud is in paragraph sixteen of its counter affidavit.[3] This affidavit, sworn to by Henry Smernoff, president of the plaintiff company, is defective. It is not made on the affiant's personal knowledge and does not set forth such facts as would be admissible in evidence. Nor does it show affirmatively that the affiant is competent to testify to the matters stated therein. In contrast, defendant Ringler's affidavit does meet the requirements of Practice Book § 381. The trial court was correct in granting defendant Ringler's motion for summary judgment.

There is no error.

In this opinion SHEA and DALY, Js., concurred.

---

[3] This paragraph of the affidavit reads as follows: "The said negotiation between O'Brien and Ringler were [sic] made with the sole purpose of avoiding creditors including the plaintiff to make any attachment and to prevent the plaintiff from pursuing its claim and were further negotiated improperly and unlawfully."