The plaintiff in the first count sought to recover a business debt incurred by the defendant Edward L. O'Brien, Jr. In the second count the plaintiff alleged that defendant Michael Ringler was legally responsible under the Bulk Transfers Act[1] for the defendant O'Brien's debt as a prospective transferee in possession of the debtor's business. The plaintiff also alleged that the negotiations for the sale of O'Brien's business to Ringler were conducted fraudulently so as to prevent creditors from collecting their debts. After the pleadings were closed, the defendant Ringler moved for summary judgment on *Page 816 
the ground that no transfer of the business took place because of O'Brien's inability "to properly convey said premises," and that "all proceeds belonging to Mr. O'Brien were turned over by me." The court granted this motion for summary judgment. The plaintiff has appealed, claiming that the court erred in ruling (1) that there was no genuine issue of fact and (2) that notwithstanding Ringler's noncompliance as transferee with Bulk Transfers Act, he was not personally liable to the plaintiff.
 I
The sanction for noncompliance with the sections,[2]
42a-6-104, 42a-6-105 and 42a-6-106, of the *Page 817 
Bulk Transfers Act that the plaintiff alleges Ringler did not comply with, is that the transfer is ineffective against creditors of the transferor. General Statutes 42a-6-104 (1), 42a-6-105. Creditors of the transferor ordinarily have no personal cause of action against a transferee under these sections. See, e.g., comment 2 to U.C.C. 6-104; comment 3 to U.C.C. 6-105; comment 2 to U.C.C. 6-111; Fico, Inc. v. Ghingher, 287 Md. 150, 411 A.2d 438 (1980); *Page 818 
American Express Co., S.A.I. v. Bomar Shoe Co.,125 Ga. App. 408, 187 S.E.2d 922 (1972); Cornelius v. J. R. Motor Supply Corporation, 468 S.W.2d 781,783 (Ct.App.Ky. 1971) (exception in cases of transferee's misappropriation or commingling of assets). The trial court, therefore, was correct in concluding that even if the bulk transfers statute was applicable in this case, it would not have the effect of making the defendant Ringler personally liable to the plaintiff.
 II
A summary judgment is appropriate if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 384; Town Bank Trust Co. v. Benson,176 Conn. 304, 306, 407 A.2d 971 (1978). The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to judgment as a matter of law. Dougherty v. Graham,161 Conn. 248, 250, 287 A.2d 382 (1971). The party opposing the motion also has responsibilities of proof, however, and may not rebut the movant's showing of the nonexistence of issues of fact by the bald statement that an issue of fact does exist. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 377, 260 A.2d 596
(1969); Kasowitz v. Mutual Construction Co.,154 Conn. 607, 613, 228 A.2d 149 (1967); Hartford Federal Savings v. Aetna Casualty Surety Co.,25 Conn. Sup. 418, 426, 206 A.2d 650 (1964). Instead, the opposing party must file affidavits and other documentary evidence which set forth specific facts showing that there is a genuine issue for trial. Farrell v. Farrell, 182 Conn. 34, 39, 438 A.2d 415
(1980); Kolibczynski v. Aetna Life Casualty Co., 176 Conn. 676, 678, 410 A.2d 485 *Page 819 
(1979); McColl v. Pataky, 160 Conn. 457, 460,280 A.2d 146 (1971); Practice Book 380. The affidavits must be made on personal knowledge, set forth such facts as would be admissible in evidence and show affirmatively that the affiant is competent to testify to the matters stated therein. Practice Book 381; Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512, 514, 391 A.2d 157
(1978); Kasowitz v. Mutual Construction Co., supra. If the affidavits and other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof.
In the present case, the plaintiff claims that the issue of fraud was one the court ignored in granting summary judgment. Apart from its complaint, the plaintiff's only averment of fraud is in paragraph sixteen of its counter affidavit.[3] This affidavit, sworn to by Henry Smernoff, president of the plaintiff company, is defective. It is not made on the affiant's personal knowledge and does not set forth such facts as would be admissible in evidence. Nor does it show affirmatively that the affiant is competent to testify to the matters stated therein. In contrast, defendant Ringler's affidavit does meet the requirements of Practice Book 381. The trial court was correct in granting defendant Ringler's motion for summary judgment.
 There is no error.
In this opinion SHEA and DALY, Js., concurred.