Richmond C. ANDERSON and Lorraine Anderson, Appellants,

v.

Diane SLAYTON, Respondent,

and

Farmers Insurance Co., Inc., Respondent.

No. WD 34215.

Missouri Court of Appeals,
Western District.

Dec. 13, 1983.

Jeffrey D. Zimmerman, Kansas City, for appellants.

Sylvester Powell, Jr., Heilbron & Powell, Kansas City, for respondents.

Before SHANGLER, P.J., and CLARK and MANFORD, JJ.

CLARK, Judge.

This appeal is prosecuted from an order discharging respondent Farmers Insurance Group from garnishment of the automobile liability insurance policy of the judgment debtor, Diane Slayton. The issue in the case is whether the failure of Slayton to notify Farmers and send the suit papers which generated the default judgment against Slayton and in favor of appellants Anderson relieved Farmers of liability under the Slayton policy. Affirmed.

Appellants Richmond and Lorraine Anderson sued Diane Slayton, the Farmers' insured, for damages arising out of an automobile collision. Slayton was personally served, but she made no appearance in the case, filed no answer and gave no notice to Farmers of the suit. Appellants thereupon proceeded to a default judgment against Slayton in the case and procured execution summoning Farmers as garnishee. In answer to interrogatories, Farmers set up the policy defense. Appellants denied the answers.

At the hearing on the denial of the garnishee's answer, the above facts were established, together with the following details. Farmers had notice of the automobile accident and engaged thereafter in settlement negotiations with appellants' attorney, Zimmerman. Negotiations were unsuccessful and Zimmerman informed Farmers that suit would be filed in conformity with a draft of a petition which was enclosed with the letter. Upon receipt of the notice from Zimmerman breaking off settlement discussion, Farmers contacted Slayton and instructed her to notify Farmers if and when she was served with a summons and to forward the suit papers promptly when delivered.

The record here furnishes no explanation as to why Slayton gave no notice to Farmers that suit had been instituted against her. It is, however, undisputed that Farmers had no actual knowledge that appellants had taken the action forecast in the letter from Zimmerman, and it is likewise agreed that Zimmerman had no contact with any representative of Farmers from a date preceding the actual commencement of suit until after the default judgment had become final.

On this appeal the Andersons contend first that the policy defense was not properly available to Farmers because, having had advance notice that suit would be filed, Farmers was under a duty to exercise due diligence to ascertain for itself when the petition was actually filed and enter the insured's defense. Relied upon principally by appellants to support this contention are *Kitchen v. McCullough,* 428 S.W.2d 907 (Mo. App.1968) and *Colson v. Lloyd's of London,* 435 S.W.2d 42 (Mo.App.1968).

While both *Kitchen* and *Colson* announce the rule that the garnishee-insurer cannot invoke the policy defense of non-cooperation by the insured without showing steps taken by the insurer to locate the insured and secure his cooperation, the cited cases both involved instances where the insured failed to attend the trial. Neither case dealt with notice of suit and deprivation of any opportunity for the insurer to offer any defense. So, too, is the cited case of *Northwestern Mutual Insurance Co. v. Independence Mutual Insurance Co.,* 319 S.W.2d 898 (Mo.App.1959), inapposite because there the insurer was notified by plaintiff's attorney that the suit was on file and that an answer was overdue, but the insurer simply failed to make any defense. Among other cases cited by appellants, none presents a fact situation in which the insurer remained ignorant of the pendency of suit until confronted by execution on a judgment taken by default.

■ The conditions of an automobile liability policy which require that notice of an accident be given to an insurance carrier as soon as practicable and that suit papers be forwarded immediately are valid and enforceable. *Greer v. Zurich Insurance Company,* 441 S.W.2d 15, 30 (Mo.1969). The rights of the injured person bringing an action against the insurer for equitable garnishment are derivative and can rise no higher than those of the insured so that the insurer may set up in the garnishment proceeding the defense of non-cooperation by the insured. *McNeal v. Manchester Insurance & Indemnity Co.,* 540 S.W.2d 113, 119 (Mo.App.1976). A cooperation clause in an insurance policy is a condition subsequent which necessitates proof by the insurer of facts sufficient to relieve it of liability. *McNeal v. Manchester, supra.*

Appellants here concede that Farmers had no notice of the commencement of suit, only notice that appellants intended to file a petition at a future date. It is also undisputed that Slayton was regularly served with process but failed to notify Farmers notwithstanding an express request by Farmers to do so sent as a reminder to the insured before appellants commenced their action. Indeed the facts, including the post-filing silence of appellants' attorney, suggest at least a passive reliance by appellants on the inadvertence of Farmers to permit entry of judgment by default.

■ The exercise of due diligence by Farmers to secure the policy required cooperation of the insured Slayton is self evident and amply justifies the trial court's rejection of appellants' claim. It is unreasonable to contend, as appellants argue, that notice to Farmers of an intention by appellants to file suit at a later date obligates Farmers in the exercise of due diligence to make periodic checks of court records to ascertain if and when suit in fact was commenced. Farmers was entitled to rely on notice from the insured to apprise it of the filing of suit and, having received no notice, was entitled to assume that appellants had not yet taken the action which the letter from Zimmerman described. The decision by the trial court on the issue of the exercise of due diligence by Farmers to secure the cooperation of the insured is supported by the evidence, is not against the weight of the evidence and does not erroneously declare or apply the law.

In their second point, appellants contend that the policy defense of non-cooperation is not available to Farmers despite breach of the insured's duty to give notice of the suit because Farmers failed to prove that it was prejudiced by the lack of notice. Appellants cite *Hendrix v. Jones,* 580 S.W.2d 740 (Mo. banc 1979) for the proposition that prejudice to the insurer is not to be presumed from breach by the insured of a cooperation clause in the policy.

Appellants seek too broad an application of *Hendrix* which dealt expressly and narrowly with prejudice to the insurer resulting from the unexplained absence of the insured defendant at trial. *Hendrix* held only that the insurer could not rely solely on the absence of the insured to show prejudice, but must prove how that absence actually was prejudicial to the interests of the insurer. The decision rested on analysis that in some cases it would be advantageous strategy to excuse the insured from attending trial and, therefore, it is speculation to presume prejudice from the mere fact of the insured's absence.

Appellants have cited no Missouri case which supports their position nor has respondent cited any Missouri case approving a doctrine of presumed prejudice where failure of the insured to give notice results in a default judgment. Independent research confirms the apparent lack of prior Missouri authority. We therefore look to other jurisdictions for guidance on the subject.

Substantial authority supports the realistic view that an insurer presumptively suffers prejudice when a claim is reduced to judgment by default as a consequence of failure by the insured to provide notice that he has been served with summons. If the failure of the insured to forward the suit papers to the insurer is unexcused, prejudice automatically follows from the denial

to the insurer of any opportunity to defend against the claim. *Independent School District No. 1 v. Jackson*, 608 P.2d 1153 (Okl. 1980); *American Interstate Insurance Company of Georgia v. Holliday*, 376 So.2d 701 (Ala.1979); *Kolibczynski v. Aetna Life and Casualty Co.*, 176 Conn. 676, 410 A.2d 485 (1979); *Rose Hill Poultry Corp. v. American Mutual Insurance Co.*, 34 N.C.App. 224, 237 S.E.2d 564 (1977).

In *Weaver v. Hartford Accident & Indemnity Co.*, 570 S.W.2d 367 (Tex.1978), the Texas Supreme Court observed that the policy requirement for immediate notice to the company of service upon the insured of any summons or process is not only designed to enable the insurer to control the litigation and interpose a defense. The provision also serves the purpose of alerting the insurer that a timely answer is to be filed to avoid a judgment by default. The opinion also quotes from *Campbell v. Continental Casualty Co. of Chicago*, 170 F.2d 669, 671 (8th Cir.1948), a particularly apt comment relative to the present case:

> "And neither the language of the policy, nor the construction made by any court of such provisions as it contains, has imposed on the insurer, merely because it knows that an insured has been named as a defendant in an action, the sentry duty of tracking back and forth to the court house to keep a check on if or when he may be served with process."

The court in *Dairyland Insurance Co. v. Marez*, 42 Colo.App. 536, 601 P.2d 353 (1979) states the rule to be that failure by the insured to give notice to the insurer that suit has been commenced and suit papers have been served necessarily prejudices the insurer in matters of potential for compromise and settlement of the claim. These details are difficult to prove, after the fact, and therefore the only pertinent inquiry on the policy defense is whether the failure to give notice was excused.

In the present case, appellants were aware that Farmers was contesting their demands on settlement of the claims and that issues raised by the suit would be litigated in the anticipated defense of Slayton's interests. Notwithstanding the unexplained absence of any answer from the defendant filed within the time allowed by the summons, appellants reduced their claim to judgment by default. The prejudice to Farmers by this result is manifest. Slayton breached the policy cooperation condition and thereby forfeited coverage. Appellants, who can claim only through Slayton, are similarly excluded and the trial court correctly ruled to discharge Farmers.

The judgment is affirmed.

All concur.